## INDIAN CAÑON ROAD CO. v. ROBINSON et al.

NEITHER the general Incorporation Act, nor the Act of May 12th, 1853, concerning plank roads and turnpikes, gives any exclusive privileges to the corporation first established. Others may build a road, on or near the same line of travel.

The general doctrine in the United States now is, that the grant of a ferry, bridge, or road franchise, does not carry with it a restriction upon the granting power to make a similar grant to other grantees, though the last grant necessarily interferes with the profits and business of the first.

APPEAL from the Eleventh District.

For case, see opinion. The Court below sustained a demurrer for want of facts sufficient to constitute a cause of action. Plaintiff appeals.

*P. H. Sibley*, for Respondent.

BALDWIN, J. delivered the opinion of the Court—TERRY, C. J. concurring.

The plaintiff claims to be a corporation, organized under the general statute of this State, passed May 12th, 1853, touching turnpike roads. The purpose of the corporation was to construct a turnpike road between the towns of Iowa Hill and Wisconsin Hill, in Placer County. The plaintiff complains that the defendants have threatened, and are going on to carry into execution, the purpose of building another road of like character between the same points, and that the line of the road of defendants is near that of plaintiff and will take the same travel and custom, of which plaintiff claims the monopoly.

The plaintiffs, on these facts, pray an injunction.

This was refused by the Judge of the Eleventh District; and, we think, rightly. The point presented, most favorably stated for Appellant, is simply this: Does the grant of the franchise to the plaintiff exclude the right of all others to build a road on or near the same line? The old doctrine was as is now contended for. But the modern doctrine is to the contrary. Since the case of *Charles River Bridge* v. *Warren Bridge et al.* (11 Pet. 421,) the rule on this subject in the United States, as generally recognized, is that the grant of a ferry, bridge, or road franchise, does not carry with it a restriction upon the granting power to make a similar grant to other grantees, though the last grant necessarily interferes with the profits and business of the first.

The whole subject is thoroughly discussed in the case of *Charles River Bridge* v. *Warren Bridge*, (11 Pet. 421,) and in *Dyer* v. *Tuskaloosa Bridge Company*, (2 Porter, Ala. 296,) and the principle may now be considered so well settled, that it would be an affectation of learning to parade the authorities.

Under our corporation law, respecting roads, etc. it never was intended to give to the company first organized for the construction of a road an absolute monopoly of all the travel along the line of the route. The consequences of such a doctrine would be startling. Some enterprising company might lay out a road between two prominent points in the mountain or other counties, and claim a perpetual monopoly of all the travel done along the line, however extended that line might be, or however large the travel. While the public interest requires the protection of capital in all the enterprises into which it may enter, the public safety requires, also, that all the leading highways or avenues of communication between towns and counties should not be monopolized by a few men who may have been more enterprising than the rest in first seizing upon the lines of communication. While the road of the plaintiff could not be trespassed upon, yet a parallel line of communication may be constructed by others, acting under the same general authority as that of the plaintiff.

Neither the general Act of Incorporation, nor the special Act to authorize the formation of corporations for the construction of plank or turnpike roads, (C. L. 291,) gives any exclusive privileges to such corporations to take all the travel upon the line. Even where such corporations have been chartered by express Act of the Legislature, it has been held that such an Act is not in the nature of an exclusive grant of all the travel between the termini. The question in respect to roads is somewhat different from that in respect to ferries and bridges; for, in respect to these, the law forbids even a license or grant by the Board of Supervisors of the county within a mile of that granted, except in certain contingencies. But here there is nothing of the kind. The evident intent of the Legislature was to leave this business open to individual or corporate enterprize. As many roads may be made between the same points, as capital can be found to make, and made by individuals, if they own, or can obtain the right of way, as well as by incor-

porated companies, so long as the property or possession of one is not invaded by the other.

Understanding this to be the case made by the bill, we affirm the judgment of the District Court.